6

**In re McCUE.**

 2005-Ohio-7134.]

Court of Claims of Ohio,
Victims of Crime Division.

No. V2005-80568.

Decided Dec. 16, 2005.

ORDER OF THREE-COMMISSIONER PANEL

{¶ 1} On September 16, 2004, the applicants filed a supplemental compensation application seeking additional work loss reimbursement incurred as a result of a March 23, 1994 assault.[1] On May 16, 2005, the Attorney General granted the victim an award in the amount of $5,883.11 for unreimbursed work loss incurred from June 1, 2000, through December 31, 2004. On May 18, 2005, the applicants filed a request for reconsideration. On July 18, 2005, the Attorney General granted the victim an additional award in the amount of $9,870.57 for unreimbursed work loss incurred from June 1, 2000, through December 31, 2004. On July 27, 2005, the applicants filed a notice of appeal of the Attorney General's

---

1. On January 31, 1997, a panel of commissioners determined that any award of reparations that the applicants are entitled to receive shall be reduced by 25 percent pursuant to R.C. 2743.60(F). To date, the award amounts total $40,761.02 from October 21, 1997, through May 16, 2005.

July 18, 2005 final decision. Hence, this matter was heard by this panel of three commissioners on October 19, 2005.

{¶ 2} Applicants' counsel and an assistant attorney general attended the hearing and presented oral argument for the panel's consideration. The assistant attorney general alleged that the applicants are not entitled to any additional recovery because a panel of commissioners in a January 31, 1997 decision penalized the applicants by reducing the award by 25 percent pursuant to R.C. 2743.60(F). The assistant attorney general explained that the panel intended the applicants' total aggregate recovery amount to be reduced by 25 percent, thereby entitling the applicants to a gross recovery amount of $37,500 ($50,000 less 25 percent).

{¶ 3} Counsel argued that former R.C. 2743.60(I) placed no penalty on the amount of recovery solely because an award was reduced pursuant to R.C. 2743.60(F). Counsel stated, in this case, that the current version of R.C. 2743.60(I) is not applicable law, since it applies only to those instances of criminally injurious conduct occurring on or after July 1, 2003. Counsel stated that the victim's claim for work loss should be reimbursed, since he incurred over $60,000 in work loss from June 1, 2000, through December 31, 2004. Counsel argued that the applicants' rights vested on March 23, 1994, the date of criminally injurious conduct, and hence the victim is entitled to recover the remaining statutory maximum amount of $9,238.98. Counsel argued that the panel penalized the applicants only concerning the timing of their recovery, since the applicants were still allowed to file additional supplemental compensation applications. Lastly, counsel argued that the Attorney General waived his right to object to reimbursing the victim additional money because the Attorney General's Office granted and paid the victim an award in the amount of $5,883.11, which reimbursed the applicants in excess of $37,500.00.

{¶ 4} Former R.C. 2743.60(I) stated:

(I) Reparations payable to a victim and to all other claimants sustaining economic loss because of injury to or the death of that victim shall not exceed fifty thousand dollars in the aggregate.

Am.Sub.S.B. No. 153, 148 Ohio Laws, Part IV, 9210, 9231.

{¶ 5} Current R.C. 2743.60(I) states:

(I) Reparations payable to a victim and to all other claimants sustaining economic loss because of injury to or the death of that victim shall not exceed fifty thousand dollars in the aggregate. *If the attorney general, a panel of commissioners, or a judge of the court of claims reduces an award under division (F) of this section, the maximum aggregate amount of reparations*

*payable under this division shall be reduced proportionately to the reduction under division (F) of this section.*

(Emphasis added.)

{¶ 6} From review of the file and with full and careful consideration given to all the information presented at the hearing, this panel makes the following determination. The current version of R.C. 2743.60(I) is not applicable in this case because it applies only to instances of criminally injurious conduct occurring on or after July 1, 2003. In this instance, the criminally-injurious-conduct date is March 23, 1994. We also find that the panel did not expressly state in the January 31, 1997 decision that the applicants were entitled to a recovery amount of only $37,500.00.

{¶ 7} According to the Attorney General's July 18, 2005 Detail Expense Exhibit, the victim incurred work loss in the amount of $62,699.45 from June 1, 2000, through December 31, 2004. The statutory maximum is $50,000 and the applicants have already been reimbursed $40,761.02, thereby leaving a balance of only $9,238.98 to be reimbursed to the victim pursuant to former R.C. 2743.60(I). Based upon the above, the July 18, 2005 decision of the Attorney General shall be modified to grant the applicants a final award in the amount of $9,238.98 for work loss.

IT IS THEREFORE ORDERED THAT

1) The July 18, 2005 decision of the Attorney General is modified to render judgment in favor of the applicants in the amount of $9,238.98;

2) This claim is remanded to the Attorney General for payment of the award;

3) Costs are assumed by the court of claims victims-of-crime fund.

Decision modified.

HEWITT, BARWELL, and LeHOTY, Commissioners.